USCA1 Opinion

 

 February 23, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1917 DALE S. HUNNEWELL, Plaintiff, Appellant, v. WARDEN, MAINE STATE PRISON, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Eugene W. Beaulieu, U.S. Magistrate Judge] _____________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Dale S. Hunnewell on brief pro se. _________________ Michael E. Carpenter, Attorney General, and Cabanne Howard, ____________________ ______________ Deputy Attorney General, on brief for appellee. __________________ __________________ Per Curiam. Plaintiff-appellant Dale S. Hunnewell, a __________ Maine inmate, appeals pro se the dismissal of his 42 U.S.C. 1983 action against Martin Magnusson, the warden of the Maine State Prison and the Maine Correctional Institution-Warren (MCI-Warren). With one exception, we affirm the dismissal of plaintiff's claims. BACKGROUND Appellant filed a complaint in the district court on December 9, 1992. It alleges violations under the Eighth and Fourteenth Amendments of the United States Constitution: (1) deprivation of due process when appellant was placed in administrative segregation at Maine State Prison on October 24, 1992 and not given a hearing; (2) deprivation of the right to earn three days of work-related good time per month after his transfer to MCI-Warren on October 27, 1992; and (3) subjection to unhealthy and unsafe living conditions at MCI- Warren. Hunnewell seeks prospective injunctive relief and damages. Appellee Magnusson filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. On August 9, 1993, a magistrate judge granted the motion to dismiss.1 ____________________ 1. Pursuant to 28 U.S.C. 636(c), the parties consented to proceed before a United States Magistrate Judge. Accordingly, the magistrate had jurisdiction to direct the entry of a judgment of the district court, and appellant was entitled to appeal directly to this court. See 28 U.S.C. ___ -2- DISCUSSION Appellate review of a dismissal under Rule 12(b)(6) is plenary. See, e.g., Miranda v. Ponce Fed. Bank, 948 F.2d 41, ___ ____ _______ _______________ 44 (1st Cir. 1991). The standard for assessing the adequacy of a civil rights claim is whether, accepting the factual allegations in the complaint as true, and construing these facts in the light most favorable to the plaintiff, the pleading shows any facts which could entitle the plaintiff to relief. See, e.g., Leatherman v. Tarrant County Narcotics ___ ____ __________ _________________________ Intelligence & Coordination Unit, 113 S. Ct. 1160, 1161-63 _________________________________ (1993); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st ______ ________________ Cir. 1988). Because appellant appears pro se, we read his complaint with an extra degree of solicitude. Rodi v. ____ Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). __________ I. We first address appellant's claim that he was denied due process of law when he was transferred to administrative segregation and never given a hearing.2 Appellant concedes that the Constitution does not endow inmates with a right to ____________________ 636(c)(3). 2. The record indicates that the transfer to segregation was an emergency transfer motivated by a concern that appellant was engaging in an activity which could incite other inmates and "jeopardize the orderly management of the prison." Hunnewell was given notice of these reasons, but there was no review of the transfer. -3- remain in the general population. See, e.g., Hewitt v. ___ ____ ______ Helms, 459 U.S. 460, 467-68 (1983); Rodi, 941 F.2d at 25. _____ ____ Hunnewell argues, however, that Maine law creates such a protected liberty interest. When a prison inmate advances the claim made here, we typically engage in a two step inquiry. We first ask whether an enforceable interest in remaining in the general population has been created by the state. See, e.g., Rodi, ___ ____ ____ 941 F.2d at 25. If the answer is affirmative, we further inquire whether the plaintiff arguably received less than the process that was constitutionally due. See id. Here, ___ ___ however, we need not address the first question. If we assume, without deciding, that plaintiff had a protected liberty interest, he was only entitled to a review within a reasonable time following his transfer to segregation. See ___ Hewitt, 459 U.S. at 476 n.8. Plaintiff's claim that he was ______ unconstitutionally denied such a review is infirm because he was only in administrative segregation for three days before being transferred to another institution. Cf. Hewitt, 459 ___ ______ U.S. at 477 (no deprivation of due process where review occurred five days after transfer).3 ____________________ 3. In his response to the answer, Hunnewell alleges, for the first time, that he remained in administrative segregation, following his transfer to MCI-Warren. He supports this allegation with the claim that the conditions of confinement of all inmates at MCI-Warren, at least until December 17, 1992, were similar to those imposed on inmates in administrative segregation at Maine State Prison. Even if we -4- II. We next address plaintiff's claim that at MCI-Warren, he is unconstitutionally denied his right to earn three days of work-related good time credits per month.4 The Constitution does not guarantee a right to earn good time credits. Wolff _____ v. McDonnell, 418 U.S. 539, 557 (1974). Accordingly, such a _________ right, if it exists, must be based in state law. "[A] state creates a protected liberty interest by placing substantive limitations on official discretion." Bowser v. Vose, 968 F.2d 105, 107 (1st Cir. 1992) (alteration ______ ____ in original) (quoting Olim v. Wakinekona, 461 U.S. 238, 249 ____ __________ (1983)). The Maine statute governing good time credits entitles inmates to receive credits for "observing all rules of the department and institution." Me. Rev. Stat. Ann. tit. ____________________ were to construe Hunnewell's complaint liberally to include these later allegations, we would not alter our conclusion. Hunnewell does not allege that he was unconstitutionally transferred to MCI-Warren, or that he was treated there any differently than members of the general prison population. Accordingly, he fails to state a claim that a review of his treatment at MCI-Warren was constitutionally required. Cf. ___ Hewitt, 459 U.S. at 485-86 (Stevens, J., dissenting) (noting ______ that the Due Process Clause is implicated only when a prisoner is singled out for treatment different from that imposed on the population of the prison as a whole). 4. Plaintiff does not complain that he is totally deprived of the opportunity to earn work-related good-time credits at MCI-Warren. Rather, he complains that inmates at MCI-Warren B Side are limited to one extra good time credit and inmates at MCI- Warren C Side are limited to two extra credits in any month, regardless of the number of days worked in that month. Plaintiff seeks prospective, injunctive relief. -5- 17A, 1253(3), (3-B). With respect to work-related good time credits, however, the statute states: Up to an additional 3 days per month may be ___ deducted in the case of those inmates committed to the Department of Corrections who are assigned or participating in work, education or other responsibilities within the institution or program that are determined to be of sufficient importance to warrant those deductions by the institution head in accordance with policy and guidelines established by the Department of Corrections. Me. Rev. Stat. Ann. tit. 17A, 1253(4) (emphasis added). No liberty interest in work-related credits derives from this statute, since it is phrased in discretionary terms. See ___ Bowser, 968 F.2d at 108 (no liberty interest derived from ______ furlough statute phrased in discretionary terms); see also ________ Parkinson v. State, 558 A.2d 361, 363 (Me. 1989) ("[U]nder _________ _____ 17-A M.R.S.A. 1253(4), work-related good time is not an entitlement but is awarded only at the discretion of Maine prison officials."). In support of his claim, however, plaintiff relies, in part, on policy guidelines governing good time credits issued by the Maine Department of Corrections. See Code Me. R. ___ 03.201010 at 9-14. We have, in previous cases, looked beyond state statutes and scrutinized administrative rules, regulations, contractual commitments, and the like to determine whether a state has conferred a liberty interest on a prison inmate. See, e.g., Rodi, 941 F.2d at 26 (and cases ___ ____ ____ cited therein). Correctional regulations may create a -6- liberty interest if they contain "specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 _____________________________ ________ (1989). However, not all written regulations containing substantive criteria for action create legitimate claims of entitlement. Some regulations are simply advisory to staff and create no rights. See, e.g., Miller v. Henman, 804 F.2d ___ ____ ______ ______ 421, 427 (7th Cir. 1986), cert. denied, 484 U.S. 844 (1987) ____________ (documents designed to guide prison staff, rather than to create claims of entitlement, do not establish a liberty interest). Because the magistrate judge did not address whether Maine correctional policies create an enforceable interest in work-related good time credits, and the issue has not been fully briefed, we have concluded that the best course is to remand the case for further proceedings on this issue. We express no opinion on the merits of plaintiff's claim or the appropriateness of the particular relief requested. III. Plaintiff's remaining claims involve allegations that the conditions of his confinement at MCI-Warren violate the Eighth Amendment. He alleges that he is locked up in a -7- closed-in cell for twenty-three hours a day;5 that cell lights are on during the night, making it difficult to sleep; that the ventilation system blows dust and fibers into his cell causing him to have headaches and bloody noses; that he is not adequately protected from the danger of a fire in his cell; and that he risks injury because the mirror in his cell is placed too high, and he must stand on his toilet if he wishes to see his reflection. In addition, Hunnewell alleges that he is daily subjected to the risk of acquired immune deficiency syndrome (AIDS) because his razor is stored in a box where it intermingles with other inmates' razor such that it is exposed to contamination from other inmates' blood.6 In order successfully to allege an Eighth Amendment violation, plaintiff must first plead facts which, if true, establish an objective component--that a "sufficiently serious" deprivation occurred. Wilson v. Seiter, 111 S. Ct. ______ ______ 2321, 2324 (1991). Only deprivations which deny "`the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment ____________________ 5. Hunnewell has revised his claim to allege that he was isolated for twenty-three hours a day at MCI-Warren from the date of his transfer there until December 17, 1992, when the out-of-cell time period of all general population inmates at MCI-Warren was increased from one hour to an hour and a half. 6. Hunnewell concedes that this practice of storing inmates' razors together has ceased. However, he alleges that the practice continued for approximately forty-eight days and seeks damages for emotional distress. -8- violation." Id. at 2324 (quoting Rhodes v. Chapman, 452 U.S. ___ ______ _______ 337, 347 (1981)); see also Hudson v. McMillian, 112 S. Ct. ________ ______ _________ 995, 1000 (1992) ("[E]xtreme deprivations are required to make out a condition of confinement claim."). In addition, a subjective element must be shown--"deliberate indifference" on the part of the official charged with inflicting cruel and unusual punishment. Wilson, 111 S. Ct. at 2327; see also ______ ________ Helling v. McKinney, 113 S. Ct. 2475, 2480 (1993). _______ ________ Plaintiff's complaints about the lighting, ventilation, and placement of his mirror do not allege deprivations sufficiently extreme to establish a cognizable Eighth Amendment claim. See Rhodes v. Chapman, 452 U.S. 337, 347 ___ ______ _______ (1981) (routine discomforts are part of the penalty that criminal offenders pay for their offense against society). The same is true of his complaint about isolation. See, ___ e.g., Jackson v. Meachum, 699 F.2d 578, 581-83 (1st Cir. ____ _______ _______ 1983) (holding that very extended, indefinite segregated confinement, without additional deprivations, did not violate Eight Amendment); O'Brien v. Moriarty, 489 F.2d 941, 944 (1st _______ ________ Cir. 1974) (segregated confinement for twenty-three hours a day did not constitute cruel and unusual punishment). Plaintiff's remaining claims fail for different reasons. There is no question that fire safety is a legitimate concern under the Eighth Amendment. Santana v. Collazo, 714 F.2d _______ _______ 1172, 1182 (1st Cir. 1983), cert. denied, 466 U.S. 974 _____________ -9- (1984). However, not every deviation from ideally safe conditions constitutes a violation of the constitution. Id. ___ Moreover, even liberally construed, plaintiff's complaint that his cell is unsafe due to fire hazards is conclusory and fails to state a claim under 1983. See Correa-Martinez v. ___ _______________ Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) __________________ (reviewing court need not credit conclusory allegations). We note that although plaintiff states that there are various (undefined) ways that an electrical fire could start in his cell, he nowhere states that MCI-Warren lacks fire detectors, fire extinguishers, or an evacuation plan. Hunnewell's complaint that he has been subjected to the risk of acquiring AIDS is also inadequate as framed. Other courts have held that there is no colorable 1983 claim where the alleged risk of contracting the AIDS virus is unsubstantiated by medical guidelines. See, e.g., Glick v. ___ ____ _____ Henderson, 855 F.2d 536, 539 (8th Cir. 1988). Because the _________ matter has not been adequately briefed, we pass the question whether the AIDS virus can be transmitted in the manner posited and, if so, whether prison officials should have been aware of the risk in the fall of 1992. Apart from the latter, plaintiff has failed to allege sufficient involvement or knowledge to state a 1983 claim against the warden. See ___ Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. ___________________ _________ -10- 1989) (liability under 1983 may not be predicated upon a theory of respondeat superior). IV. In sum, Hunnewell failed to plead facts sufficient to establish that he was denied due process by the failure to hold a hearing or that his conditions of confinement constituted cruel and unusual punishment. Accordingly, these claims were properly dismissed. As to his claim of unconstitutional deprivation of good time credits, we vacate the dismissal of the complaint and remand to the district court for further proceedings. Affirmed in part; vacated in part and remanded. No __ costs. _____ -11-